**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| NICOLAS OAKS, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| McHENRY COUNTY, | ) | |
| McHENRY COUNTY SHERIFF | ) | |
| BILL PRIM, and | ) | |
| McHenry County Sheriff's Police Officers | ) | |
| JASON DRAFTZ, CAITLIN KELLY, | ) | |
| MICHAEL MURASKI, and FIELDS, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2.      Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. ç 1367(a).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4.      Plaintiff NICOLAS OAKS is a resident of Minneapolis, Minnesota.

5.      Defendant-Officers Detective JASON DRAFTZ ("Defendant DRAFTZ"), Detective CAITLIN KELLY ("Defendant KELLY"), Sergeant MICHAEL MURASKI ("Defendant MURASKI") and Detective FIELDS ("Defendant FIELDS") are duly appointed and sworn police officers with the Narcotics Task Force of the McHenry County Sheriff's Office. At all times relevant to this Complaint, Defendants DRAFTZ, KELLY, MURASKI and FIELDS were acting in the course and scope of their employment, and under color of state law, ordinance

and/or regulation.

6.      The Defendant-Officers are sued in their individual capacities.

7.      At all relevant times, McHENRY COUNTY was a body politic and corporate, situated in the Northern District of Illinois. At all relevant times, McHENRY COUNTY and McHENRY COUNTY SHERIFF'S OFFICE, led by McHENRY COUNTY SHERIFF BILL PRIM, were departments of McHENRY COUNTY. McHENRY COUNTY is a properly named Defendant for indemnification purposes.

8.      McHENRY COUNTY SHERIFF BILL PRIM is an employee of McHENRY COUNTY SHERIFF'S OFFICE and McHENRY COUNTY, and was acting under color of statutes, customs, ordinances and usage of the State of Illinois and McHENRY COUNTY and within the scope of his employment with the Defendant McHENRY COUNTY. McHENRY COUNTY SHERIFF BILL PRIM is sued in his official capacity as the final policy maker for the McHENRY COUNTY SHERIFF'S OFFICE.

**Facts**

9.      Plaintiff, NICOLAS OAKS, is a 27-year old man who at the time of the alleged incident was residing in Chicago, Illinois.

10.     On August 13, 2015, Defendants DRAFTZ and KELLY of the McHenry County Sheriff's Police Narcotics Task Force were working undercover in Woodstock, Illinois.

11.     According to McHenry County Sheriff's Police Report# 15-028104, on August 13, 2015, Defendant DRAFTZ was advised by an unidentified informant that a person known as "Dude" was selling crack cocaine in the Woodstock area.

12.     Defendant DRAFTZ's report further stated that "through information and intelligence gathering" he concluded that the person identified as "Dude" was Nicholas Oaks.

13.     Defendant DRAFTZ reported that he called "Dude" to arrange a buy of $200.00 worth of drugs. "Dude" told Defendant DRAFTZ to drive to the area of the intersection of Washington Street and Wicker Street in Woodstock.

14.     Plaintiff is not "Dude." Telephone records for the cell phone number cited by Defendant DRAFTZ proved to belong to a different person. Plaintiff never spoke with Defendant DRAFTZ. Plaintiff did not engage in any drug transaction with the Defendants, and had no

knowledge of the alleged drug transaction until after he was formally charged.

15.     Defendant DRAFTZ's report stated that after the call, he drove to Wicker Street and observed a male black subject walk up to the undercover vehicle.

16.     The report further stated that Defendant DRAFTZ tendered $200.00 of official authorized funds to the male black seller, whom Defendant DRAFTZ identified as "Dude." The seller then spit two clear plastic bags containing a rocky substance into the palm of his right hand, which were then placed into the right palm of Defendant Kelly.

17.     The two bags for which Defendant DRAFTZ paid $200.00 weighed a mere total of 1.1 grams.

18.     Defendant DRAFTZ's report stated that he and Defendant KELLY could tell that "Dude" was Plaintiff by looking at Plaintiff's photo from his Illinois driver's license. The report did not explain how or when they obtained Plaintiff's driver's license. The report also omitted any physical description of "Dude" or Plaintiff, other than race and gender.

19.     Upon information, none of the Defendants had any reliable photograph or other source of identification to correctly identify Plaintiff as "Dude," the purported seller. "Dude" is not physically described in any report aside from being a male black.

20.     According to a supplemental report, Defendants MURASKI and FIELDS surveilled the seller after the completion of the drug transaction with Defendants DRAFTZ and KELLY. Defendant MURASKI'S report stated that he watched the seller leave the area. Defendant MURASKI'S report also identified the seller as "Dude," and stated that he and Defendant FIELDS believed "Dude" was Plaintiff by looking at an Illinois driver's license photo of Plaintiff.

21.     None of the Defendants arrested the seller they identified as "Dude" that day. Upon information, the $200.00 used by the Defendants in the drug transaction was never recovered.

22.     Defendant DRAFTZ inventoried the two bags from the drug transaction on August 18, 2015. They were submitted for testing by the Illinois State Police Forensic Science Laboratory ("ISP lab") in Rockford, Illinois. The ISP lab tests determined that the bags together contained less than one gram of cocaine.

23.     On September 25, 2015 – forty-two days after the alleged drug buy – Defendant DRAFTZ acquired an arrest warrant for Plaintiff for the charges of Unlawful Delivery of

3

Controlled Substance within 1,000 feet of a school, a Class X Felony; Unlawful Delivery of Controlled Substance, a Class I Felony; and Unlawful Possession of a Controlled Substance, a Class 4 Felony.

24.     Defendant DRAFTZ's report regarding the drug transaction of August 15, 2015, was not submitted to his supervisor, Defendant MURASKI, until October 29, 2015 – seventy-five days after the alleged transaction with Plaintiff supposedly occurred.

25.     On or about November 21, 2015, Plaintiff was arrested in Chicago on the warrant issued at the request of Defendant DRAFTZ.

26.     Plaintiff was taken into custody at the McHenry County Department of Corrections, where he remained for the duration of his case.

27.     On December 10, 2015, Defendant DRAFTZ testified before a grand jury to secure an indictment in <u>People v. Nicolas Oaks</u>, Case No. 15 CF 906 in McHenry County, Illinois. He did not testify as to how Defendants came to identify Plaintiff as "Dude."

28.     No photo identification, video, audio recording or other information was ever produced by Defendants in discovery during the pendency of the criminal case to show how they came to identify "Dude," the alleged drug seller, as Plaintiff.

29.     On the motion of Plaintiff's defense attorney, the Court ordered on April 21, 2016, that the ISP lab test the two bags from the drug transaction for the presence of DNA.

30.     The DNA testing results of the plastic bags excluded Plaintiff.

31.     The McHenry County State's Attorney's Office nolle prosequi'd all charges against Plaintiff on August 2, 2016. By that date, Plaintiff had spent approximately 261 days in custody at the McHenry County Jail.

## <u>COUNT I</u>
### (42 U.S.C. § 1983 – False Arrest)

32.     Plaintiff realleges paragraphs 1 through 31 as if fully set forth herein.

33.     Defendant-Officers DRAFTZ, KELLY, MURASKI and FIELDS made false representations or conceded to false representations in their reports which were used to secure a warrant for Plaintiff's arrest.

34.     After his arrest, Plaintiff was under arrest and not free to leave.

4

35. Defendant-Officers did not have probable cause or any other legal justification to arrest Plaintiff.

36. The arrest of Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorney's fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II

### (42 U.S.C. § 1983 – Due Process)

37. Plaintiff realleges paragraphs 1 through 31 as if fully set forth herein.

38. As described more fully above, Defendants DRAFTZ, KELLY, MURASKI and FIELDS denied Plaintiff due process of law in that they engaged in arbitrary government action that deprived him of his liberty and was so malfeasant as to shock the conscience.

39. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and was objectively unreasonable.

40. The misconduct described in this Count undertaken by the Defendants was within the scope of their employment and under color of law such that their employers are liable for their actions.

41. Defendants DRAFTZ, KELLY, MURASKI and FIELDS withheld information regarding their lack of knowledge of the identity of the person who supposedly sold drugs to Defendants DRAFTZ and KELLY.

42. Upon information and belief, Defendants DRAFTZ, KELLY, MURASKI and FIELDS withheld the facts of how and when they came to falsely identify Plaintiff as the person who supposedly sold them drugs, and failed to report this to grand jury that indicted Plaintiff and the Winnebago County State's Attorney.

43. Plaintiff was prejudiced by the above described actions of the individual

5

Defendants because the concealment of Defendants' false identification of Plaintiff as a drug seller resulted in Plaintiff being arrested and jailed until he was exculpated by DNA evidence.

44.    The conduct described above has been done willfully, wantonly, and intentionally to obstruct justice and deprive Plaintiff of due process of law.

45.    As a result of the deprivation of Plaintiff's constitutional rights, Plaintiff was injured, suffering loss of liberty and emotional distress.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)    Enter judgment against Defendant-Officers,

b)    Award Plaintiff compensatory and punitive damages,

c)    Award attorney's fees and costs, and

d)    Award any further relief that this Honorable Court deems just and equitable.


## COUNT III

### (State Law Claim for Malicious Prosecution)

46.    Plaintiff realleges paragraphs 1 through 31 as if fully set forth herein.

47.    On August 15, 2015, Defendants DRAFTZ, KELLY, MURASKI and FIELDS falsely identified Plaintiff as the person who had sold drugs to Defendants DRAFTZ and KELLY.

48.    Defendants DRAFTZ, KELLY, MURASKI and FIELDS knowingly included false information about their identification of Plaintiff as a drug seller in their reports, and/or knowingly allowed such false information to be attributed to them.

49.    Defendant DRAFTZ instituted charges against Plaintiff for several felony drug charges.

50.    There was not probable cause for such charges.

51.    The charges were terminated in a manner favorable to Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)    Enter judgment against Defendant-Officers,

b)    Award Plaintiff compensatory and punitive damages,

c)    Award costs, and

d)    Award any further relief that this Honorable Court deems just and equitable.

6

**COUNT IV**

**(Indemnification Claim pursuant to 745 ILCS 10/9-102)**

52.     The acts of the Defendants DRAFTZ, KELLY, MURAKSI and FIELDS described in the above claims were willful and wanton, and committed in the scope of employment.

53.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant McHENRY COUNTY is liable for any judgments for compensatory damages in this case arising from the actions of Defendants.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant McHENRY COUNTY to indemnify the Defendant-Officers for any judgment for compensatory damages in this case arising from their actions.

**COUNT V**

**(42 U.S.C. § 1983 – *Monell* Claim against McHENRY COUNTY SHERIFF BILL PRIM)**

54.     Plaintiff realleges all of the above paragraphs 1 through 31 as if fully set forth herein.

55.     At all times material to this Complaint, there existed in the McHenry County Sheriff's Office the following practices, policies and customs:

   A.     Reliance on inaccurate and undocumented identification methods which lead officers to make false arrests;

   B.     Failure to adequately supervise officers to ensure the use of accurate and documented methods to accurately identify criminal suspects;

   C.     Reliance on unverified information from informants which lead officers to make false arrests;

   D.     Failure to adequately supervise officers to ensure they vet the credibility of information from informants so as to avoid making false arrests;

   E.     No accountability for officers or their supervisors who are shown to have misidentified and falsely arrested individuals.

56.     The actions of the Defendant-Officers as alleged in this Complaint were done pursuant to, and as a result of, one or more of the above *de facto* practices, policies and customs of the McHenry County Sheriff's Department.

7

57.     The practices, policies and customs described above are widespread, permanent and well-settled, and were known, or should have been known, to the policy-makers of the McHenry County Sheriff's Department.

58.     The municipal policy-makers of the Cook County Sheriff's Department acted with deliberate indifference in maintaining, overlooking and preserving the unconstitutional practices, policies and customs delineated above.

59.     By their inaction and failure to correct the above-described practices, policies and customs, policy-makers of the McHenry County Sheriff's Department tacitly approve and thus indirectly authorize the type of misconduct Plaintiff complains of herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant McHENRY COUNTY SHERIFF BILL PRIM,

b)      Award Plaintiff compensatory damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.


**Jury Trial Demanded**


                                        Respectfully submitted,

                                        /s/ Daniel P. Kiss
                                        *One of Plaintiff's Attorneys*


Louis J. Meyer
Daniel P. Kiss
MEYER & KISS, LLC
53 West Jackson Boulevard
Suite 1735
Chicago, Illinois 60604
(312)765-0100
dankiss@meyerkiss.com